**Leonard SUTTON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52614.**

Court of Criminal Appeals of Texas.

March 16, 1977.

Rehearing Denied April 13, 1977.

W. C. Kirkendall, Seguin, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

PHILLIPS, Judge.

Appellant was convicted by a jury for aggravated assault under V.T.C.A., Penal Code, Sec. 22.02(a)(2); the court assessed punishment at three years.

The sufficiency of the evidence is not challenged. The record reflects appellant was purchasing chicken at a fast food restaurant in Seguin on July 23, 1975, and that he began cursing at the assistant manager when he was told they could not change a $100 bill. Officer Aldana, a police officer in New Braunfels, was standing behind appellant at the time. Because Officer Aldana was not in uniform, he identified himself as a police officer and requested that appellant be more careful with his language. Appellant then cursed Officer Aldana and either slapped or pushed Aldana. Mrs. Aldana got out of the car and fired a shot in the air with Officer Aldana's service revolver. Officer Aldana took the gun from his wife, telling her to stay in the car, while appellant wrote down Aldana's license plate number. Officer Aldana asked the assistant manager to call the police and waited inside the restaurant until Officer Smith's patrol car arrived three minutes later. The instant offense arose out of the events immediately after Officer Smith's arrival. The evidence is undisputed that Officer Smith was a uniformed police officer responding to a disturbance call, that he was speaking with Officer Aldana as appellant approached him, and that appellant's arm connected with Officer Smith's face, breaking the officer's glasses and "causing a slight gash" in his forehead. Officer Smith and appellant "wrestled" and with the assistance of Officer Aldana and another Seguin police officer, appellant was subdued.

Appellant alleges the trial court erred in denying his timely requested instructions on self defense and resisting a lawful arrest, which appellant contends is a lesser included offense of aggravated assault on a peace officer.

Although appellant did not testify, he contends the issue of self defense was raised by the testimony of defense witnesses Perez and Ybarra. Witness Perez testified she saw appellant leaning against the police car, that he "raised his hand up", that the two officers thought he was going to swing at him so "they got him down on the ground and started hitting on him." Witness Ybarra testified as follows:

"A . . . That Policeman (Officer Smith) called Mr. Sutton and then he went over, you know, to where they were, and kind of like they wanted to handcuff him because he did his hands like that, and when he did his hands like that, the policeman and that other man started hitting him.

\* \* \* \* \* \*

Q [BY DEFENSE COUNSEL]: When Mr. Sutton put his hands up like this, sort of raised his hands, what happened next?
A When he did his hands like that, I guess the policeman thought he was going to hit him or something because that is when they started hitting him.

\* \* \* \* \* \*

Q Was he hitting back?
A No, sir. Kind of, you know, trying to keep them away from hitting him."

The testimony of Officer Smith set forth in our discussion of appellant's second ground of error shows the officer put his hand on appellant's arm in an attempt to place appellant under arrest and, in response to this touching, appellant brought his arm up, striking Officer Smith in the face. Under V.T.C.A., Penal Code, Sec. 9.31(c), the use of force to resist arrest is justified if the peace officer uses or attempts to use greater force than necessary to make the arrest. The only evidence which shows the amount of force used to effect the arrest before appellant resisted is Officer Smith's testimony on cross examination as follows:

"Q But, you felt at this time that the best way to effect the arrest of Mr. Sutton was by your physically grabbing him and throwing him up against the car; is that right?

A No, sir. The move was not that physical. The move was to turn Mr. Sutton around.

Q Sir?

A The move was to turn Mr. Sutton around and place him up against the car as in a normal arrest."

■ We find this evidence insufficient to raise the issue of self defense under Sec. 9.31(c), supra, and the trial court properly denied appellant's instruction on the law of self defense. Cf. *Rodriguez v. State*, Tex. Cr.App., 544 S.W.2d 382.

Appellant's remaining ground of error urges resisting arrest under V.T.C.A., Penal Code, Sec. 38.03(a), is a lesser included offense of aggravated assault as proscribed by Sec. 22.02(a)(2), supra. Under Art. 37.-09(1), V.A.C.C.P., an offense is a lesser included offense of the offense charged if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged. See *Day v. State*, Tex.Cr.App., 532 S.W.2d 302; *Jones v. State*, Tex.Cr.App., 532 S.W.2d 596; *Hazel v. State*, Tex.Cr.App., 534 S.W.2d 698.

■ The indictment charged appellant did (1) knowingly and intentionally (2) cause bodily injury (3) to Tommy Smith, a peace officer in the lawful discharge of official duty (4) when he knew or had been informed Tommy Smith was a peace officer. The elements of the offense of resisting arrest are a person (1) intentionally (2) prevents or obstructs (3) a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction (4) from effecting an arrest or search of the actor or another (5) by using force against the peace officer or another.

Evidence which establishes conduct directed toward a person known to the actor to be a peace officer while the officer is effecting an arrest would establish the officer was acting "in the lawful discharge of official duties". See Art. 2.13, V.A.C.C.P. We must next determine whether conduct which prevents or obstructs an arrest "by using force against the peace officer" may be proven by the same or less than all the

facts necessary to establish infliction of "bodily injury" as that phrase is defined in V.T.C.A., Penal Code, Sec. 1.07(a)(7).

In *Allen v. State*, Tex.Cr.App., 533 S.W.2d 352, the defendant was convicted of aggravated assault based on the testimony of one of the arresting officers which showed one of the blows by the defendant struck the officer on the nose, causing swelling and soreness. The jury was instructed on the law of resisting arrest and rejected this theory by finding the defendant guilty of aggravated assault. Even though the defendant raised the issue of resisting arrest through his testimony that he did not strike the officer, but was only trying to pull away from the arresting officers, a review of the testimony of the arresting officers makes it clear the theory of resisting an arrest was also raised by testimony that the defendant committed the assault after he had been advised he was under arrest and while the complainant was attempting to put handcuffs on the defendant's ankles.

We find the requirements of Sec. 38.03, that the accused prevent an officer from effecting an arrest by using force, can be established by the same facts necessary under Sec. 22.02(a)(2) to show the accused caused bodily injury to a peace officer in the lawful discharge of official duty. The proof of additional facts would not be necessary and the requirements of Art. 37.-09(1), supra, would be satisfied.

We must next consider if the evidence raised the issue of the lesser included offense of resisting arrest. Officer Smith's testimony as to what occurred after appellant approached Officer Smith and Officer Aldana is as follows:

"A I don't remember if any conversation ensued before this, but the next thing I remember doing along probably was I reached up with my right hand and placed it on Mr. Sutton's right biceps in an attempt to turn him around because I was still standing partially in the open door to my patrol car.

Q Your patrol car?

A Yes, sir.

Q All right.

A Okay. The door was eventually closed, and as I reached around to grab hold of Mr. Sutton's arm and turn him around to place him up against the car and attempt to make an apprehension for disorderly conduct due to the language he was using in public, when I did place my hand on Mr. Sutton's arm, he brought his arm over the top of mine, striking me on the face."

Officer Alex, a Seguin police officer who assisted in the arrest, testified that Officer Smith asked the appellant to be quiet and settle down. When appellant cursed at Officer Smith, Officer Smith "attempted to take custody" of appellant by taking hold of appellant in an attempt "to turn him around and get him against the patrol car where he could facilitate handcuffing him." Appellant then "turned around and struck Officer Smith in the face area."

Even though the appellant was not advised that he was being placed under arrest, the jury could have reasonably believed Officer Smith was attempting to effect an arrest, and that the appellant raised his arm in an attempt to obstruct the arrest. The testimony of Officer Aldana and Officer Alex that appellant struck Officer Smith in the face raises the issue of whether appellant used force to resist the arrest. See *Washington v. State*, Tex.Cr.App., 525 S.W.2d 189, wherein we held testimony that defendant "dragged" two police officers after one handcuff was placed on her wrist was sufficient to show the defendant used force to resist arrest. In *Matter of Hartsfield*, 531 S.W.2d 149 (Tex.Civ.App.—Tyler 1975), the evidence was held sufficient to support a finding that the defendant used force to resist arrest based on testimony that the defendant started swinging at the arresting officer and the officer blocked the blows with his arms. See and compare the practice commentary to Sec. 38.03, which suggests "an effort to shake off the officer's detaining grip" does not establish resistance by the use of force.

■ The evidence was sufficient to raise the issue of resisting arrest notwithstanding evidence which supports proof of the greater offense of aggravated assault, and the failure of the trial court to submit appellant's written charge on the lesser offense constitutes reversible error. See *Day v. State*, supra, and cases cited therein.

The judgment is reversed and the cause remanded.

DOUGLAS, J., dissents.