694 S.W.2d 578 (1985)
In the Matter of R.W., Appellant.
No. 13-84-443-CV.
Court of Appeals of Texas, Corpus Christi.
April 25, 1985.
*579 Armando Reyna, Corpus Christi, for appellant.
Richard Berry, Asst. Co. Atty., Corpus Christi, for appellee.
Before NYE, C.J., and DORSEY and BENAVIDES, JJ.

OPINION
DORSEY, Justice.
This is an appeal from an order of the trial court adjudicating appellant a delinquent and committing him to the Texas Youth Commission.
Appellant first asserts on appeal that he did not knowingly and intelligently waive his right to a jury trial. TEX.FAM. CODE ANN. § 54.03(c) (Vernon Supp.1985) provides that trial shall be by jury unless the jury is waived in accordance with TEX. FAM.CODE ANN. § 51.09(a), which states, in pertinent part, that:
1. the waiver is made by the child and the attorney for the child;
2. the child and the attorney waiving the right are informed of and understand the right and the possible consequences of waiving it;
3. the waiver is voluntary; and
4. the waiver is made in writing or in court proceedings that are recorded.
The record reflects that both appellant and his attorney signed a written waiver of jury trial. At the hearing, the trial judge carefully admonished appellant and his attorney who was present at the proceedings that, by signing the waiver, he was giving up the right to have a jury decide his case. Appellant affirmatively acknowledged that he understood and desired to waive that right. The record clearly reflects that the provisions of § 51.09(a) were affirmatively complied with. Appellant's own testimony reflects that he was aware that he was waiving his right to a jury trial, and the written waiver supports the conclusion that the waiver of jury trial was knowing, intelligent and voluntary. Point of error number one is overruled.
Appellant next complains that he did not intelligently and knowingly waive the ten-day trial preparation period allowed by the Family Code. TEX.FAM.CODE ANN. § 51.10(h) (Vernon 1975) provides that any attorney representing a child in proceedings under the Family Code is entitled to ten days to prepare for any adjudication or transfer hearing. Again, a written *580 waiver of trial preparation period was signed by both appellant and his attorney. Appellant's attorney informed the court that he had ample time to prepare and that they were ready to go forward. Although trial counsel had been formally appointed the day of trial, he informed the court that he had been involved in the case prior to that date. Appellant also said that he was ready to go forward with his case. We find that the record is replete with evidence showing a knowing and voluntary waiver of the ten-day preparation period by the appellant. Point of error number two is overruled.
Appellant argues in his third point of error that the trial court erred in not properly admonishing the appellant of the possibility that he could be committed to the Texas Youth Commission despite the recommendation of the Juvenile Probation Department that he be given probation. Appellant pled true to the petition which charged him with intentionally and knowingly breaking into a vehicle and was found by the trial court to have engaged in delinquent conduct. The transcript shows that both appellant and his counsel signed an admonishment form which indicated that, if the trial court found at the conclusion of the adjudication hearing that the child engaged in delinquent conduct, the court may commit the child to the Texas Youth Commission. The trial court explained to appellant that, if the decision was made that he had engaged in delinquent conduct, the trial judge could place him on probation or in a suitable institution; or, the appellant could be placed in the Texas Youth Commission. Appellant testified in response to a question asked by his attorney that he understood that the purpose of the hearing was to decide whether he should be given probation or sent to Texas Youth Commission. The record unequivocally reflects that appellant knew that he could be sent to Texas Youth Commission. We find no error on the part of the trial court in this regard. Point of error number three is overruled.
In appellant's last point of error, he argues that the trial court abused its discretion in committing appellant to the Texas Youth Commission, rather than granting him probation. Trial courts in juvenile proceedings are granted broad discretion in determining suitable disposition of children who had been adjudicated to have engaged in delinquent conduct. In the Matter of A.B.R., 596 S.W.2d 615 (Tex. Civ.App.Corpus Christi 1980, writ ref'd n.r.e.); In the Matter of E.F., 535 S.W.2d 213 (Tex.Civ.App.Corpus Christi 1976, no writ). Here, the evidence showed that this was the second time appellant had been referred to the Juvenile Probation Department. The testimony showed that appellant had a deplorable attendance record at school, was failing in many subjects and had some disciplinary problems at school. His mother, according to the testimony of the probation officer, was trying to provide a stable home environment. Mr. Reyna, the juvenile probation officer, recommended probation, but indicated his recommendation was tenuous and that he was recommending appellant get probation only to give him the benefit of the doubt. There was also testimony that a relative who lived with appellant and his mother and with whom the appellant had frequent contact was involved in drug use and shooting incidents. Under the circumstances, we cannot say the trial court abused its discretion by ordering that appellant be sent to the Texas Youth Commission.
Appellant's fourth point of error is overruled. The judgment of the trial court is AFFIRMED.