TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00483-CV






In the Matter of M. M.









FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-15,141, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING 






PER CURIAM


 The State charged by information that appellant, a juvenile, engaged in delinquent conduct
by committing assault on a public servant, committing assault on a juvenile, V.C., and resisting arrest. See
Tex. Penal Code Ann. §§ 22.01, 38.03 (West 1994). Appellant pleaded true to the charge of resisting
arrest. After hearing evidence, the court determined that appellant engaged in delinquent conduct by
committing the offenses of assault and assault on a public servant. See Tex. Penal Code Ann. § 22.01
(West 1994). At disposition, the court committed appellant to the Texas Youth Commission. By two
points of error, appellant contends that the juvenile court (1) erred by violating the double jeopardy clauses
of the federal and state constitutions by finding appellant delinquent of both assault on a public servant and
resisting arrest, and (2) abused its discretion by committing appellant to the Texas Youth Commission. We
will affirm the court's adjudication and disposition.



Background


 Officer Rodney Anderson, an Austin Independent School District police officer, on duty
at Webb Middle School, received a call that a fight was ongoing in the hallway outside the school's offices. 
When he arrived he found an assistant principal trying to hold appellant away from another girl. Officer
Anderson walked appellant into the main offices in order to place her in custody. Instead of cooperating
with the officer's request, appellant resisted. She refused the officer's request to turn around, by cursing,
and trying to jerk away from him. After this initial resistance, appellant kicked the officer in the knee. 
Appellant testified that she hit the other girl and started the fight in response to her question "What's up?".


Adjudication


 Appellant contends that the juvenile court violated the double jeopardy clause of the federal
and state constitutions by finding her delinquent of both assault on a public servant and resisting arrest. 
Appellant contends that the court applied multiple punishments and successive prosecutions for the same
offense. See Ex parte Kopecky, 821 S.W.2d 957, 958 (Tex. 1992). 

 To determine whether a prosecution violates the protection against multiple punishments,
courts apply the test set forth in Blockburger v. United States, 284 U.S. 299 (1932). Ex parte Lowery,
886 S.W.2d 827, 828 (Tex. App.--Amarillo 1994, pet. ref'd). The Blockburger test provides that 


where the same act or transaction constitutes a violation of two distinct statutory
provisions, the test to be applied to determine whether there are two offenses or only one
is whether each provision requires proof of an additional fact which the other does not.

Blockburger, 284 U.S. at 304. Even if the defendants, complaints, dates, and places are the same in two
indictments, an appellant may still be charged with two separate offenses if it can be found that there are
elements in the charges that are unrelated. See Ex parte Morgan, 886 S.W.2d 827, 828-29 (Tex.
App.--San Antonio 1994, pet. ref'd). 

 The two charges contained in the original petition alleging delinquent conduct provide in
pertinent part:


[T]he said child violated a penal law of this State punishable by imprisonment, to wit: 
Section 22.01 of the Texas Penal Code (Assault on a Public Servant), in that she did
then and there intentionally, knowingly, and recklessly cause bodily injury to R. Anderson,
by kicking R. Anderson, and R. Anderson was then and there a public servant lawfully
discharging an official duty, and [M.M.] knew that R. Anderson was a public servant. 


[T]he said child violated a penal law of this State punishable by confinement in jail, to-wit:
Section 38.03 of the Texas Penal Code (Resisting Arrest), in that she did then and there
intentionally prevent and obstruct R. Anderson, of the Austin Police Department, a person
she knew to be a peace officer, from effecting an arrest of [M.M.] by using force against
the said R. Anderson.



Assault on a public servant requires a showing that appellant caused bodily injury to Officer Anderson
which is not required under resisting arrest. Tex. Penal Code Ann. § 22.01 (West 1994). 

 Appellant argues that, under the facts, resisting arrest is a lesser included offense of assault. 
Appellant relies upon Sutton v. State, 548 S.W.2d 697 (Tex. Crim. App. 1977), for this proposition. 
Arguably, kicking could be a subset of force if kicking was the only manner by which appellant resisted
arrest. The Sutton court determined that the only force exhibited by the defendant was as the officer
attempted to take him into custody, the defendant turned around and struck the officer in the face. Sutton,
548 S.W.2d at 700. The Sutton court determined that based upon the evidence presented, resisting arrest
was a lesser included offense of assault. Id. In Sutton, unlike the facts before us, there was only a single
charge of assault against the defendant. Id. at 699. 

 Officer Anderson testified that 


she started resisting me when I--I grabbed--I already had her arm, and I was telling her
go ahead and turn around, and put her--put her--I wanted her to put her other hand on
the wall until I could get control of it. And as she was--then she started saying that she
wasn't. She was being real belligerent, cussing and, you know, starting--trying to jerk
away from me, and then she turned toward [me] and kicked me. 


Appellant's kicking Officer Anderson was not the only use of force she exhibited, therefore, we conclude
that resisting arrest was not a lesser included offense of assault. See Bryant v. State, 923 S.W.2d 199,
208 (Tex. App.--Waco 1996, pet. ref'd) (one who uses force to shake off officer's detaining grip,
whether by pushing or pulling, may be guilty of resisting arrest).

 Additionally, the dispositional order relates only to the assault charge. The order makes
no mention about punishment for resisting arrest. We conclude that appellant was not punished twice for
the same offense and that the trial court did not violate the double jeopardy clauses of the federal and state
constitutions. We overrule point of error one. 


Disposition


 By point of error two, appellant contends that the juvenile court abused its discretion by
committing appellant to the Texas Youth Commission. Appellant argues again that the disposition was
improper because she was punished for the same offense twice. We have dealt with that complaint above
and again conclude that appellant was not punished twice for the same offense. Additionally, appellant
contends that the court erred by not accepting her probation officer's recommendation that she spend one
year at the residential treatment facility where she was residing at the time of the hearing. 

 Although the evidence may assist the court, the trial court is not required to follow the
officer's recommendation. Appellant does not demonstrate how the trial court's ruling constituted an abuse
of discretion. Juvenile courts are granted broad discretion in determining suitable dispositions for children
who have been adjudicated to have engaged in delinquent conduct. In re J.R., 907 S.W.2d 107, 110
(Tex. App.--Austin 1995, no writ); In re R.W., 694 S.W.2d 578, 580 (Tex. App.--Corpus Christi 1985,
no writ). A trial court will be reversed only if the court acted in an unreasonable and arbitrary manner. To
determine if there was an abuse of discretion, this Court reviews the entire record in order to determine if
the juvenile court acted without reference to any principles or guiding rules. In re J.R.W., 879 S.W.2d
254, 257 (Tex. App.--Dallas 1994, no writ). We conclude that the juvenile court did not abuse its
discretion by ordering appellant committed to the Texas Youth Commission. 

 At the dispositional hearing, the court heard testimony from Dena Dixon, appellant's
probation officer. Dixon explained that appellant had been placed on probation for a period of one year
and was currently in the custody of the New Life Home. At the time of the hearing, appellant had resided
at New Life for one month. Dixon explained that, since appellant had been at New Life, she had instigated
a fight with some of the other girls and she had to be restrained. Despite this incident, Dixon recommended
to the court that appellant stay at New Life so that she could receive help in dealing with her aggression. 
Dixon also explained that before appellant went to New Life she had been discharged from Day Top
Village because of her aggressive behavior. Toward the end of the disposition hearing, the judge
questioned appellant again about the fight she had started at Webb and observed that appellant expressed
no remorse about starting the fight. The judge recognized that Dixon said that appellant wanted to change
her manner; however, appellant did not see that starting the fight at Webb was wrong. The judge's closing
comments to appellant were: 


I've talked to you I don't know how many times. And the fact that you can still stand in
front of me and believe that your behavior was justified creates a serious problem for me. 




 Appellant had been discharged from one treatment program. After only one month in
another treatment program, she started a fight for which she expressed no remorse. Based upon the
evidence presented, we cannot say that the juvenile court abused its discretion by deciding to commit
appellant to the Texas Youth Commission. We overrule point of error two. 

 We affirm the court's adjudication and disposition. 


Before Justices Powers, Jones and Kidd

Affirmed

Filed: June 5, 1997

Do Not Publish



her arm, and I was telling her
go ahead and turn around, and put her--put her--I wanted her to put her other hand on
the wall until I could get control of it. And as she was--then she started saying that she
wasn't. She was being real belligerent, cussing and, you know, starting--trying to jerk
away from me, and then she turned toward [me] and kicked me. 


Appellant's kicking Officer Anderson was not the only use of force she exhibited, therefore, we conclude
that resisting arrest was not a lesser included offense of assault. See Bryant v. State, 923 S.W.2d 199,
208 (Tex. App.--Waco 1996, pet. ref'd) (one who uses force to shake off officer's detaining grip,
whether by pushing or pulling, may be guilty of resisting arrest).

 Additionally, the dispositional order relates only to the assault charge. The order makes
no mention about punishment for resisting arrest. We conclude that appellant was not punished twice for
the same offense and that the trial court did not violate the double jeopardy clauses of the federal and state
constitutions. We overrule point of error one. 


Disposition


 By point of error two, appellant contends that the juvenile court abused its discretion by
committing appellant to the Texas Youth Commission. Appellant argues again that the disposition was
improper because she was punished for the same offense twice. We have dealt with that complaint above
and again conclude that appellant was not punished twice for the same offense. Additionally, appellant
contends that the court erred by not accepting her probation officer's recommendation that she spend one
year at the residential treatment facility where she was residing at the time of the hearing. 

 Although the evidence may assist the court, the trial court is not required to follow the
officer's recommendation. Appellant does not demonstrate how the trial court's ruling constituted an abuse
of discretion. Juvenile courts are granted broad discretion in determining suitable dispositions for children
who have been adjudicated to have engaged in delinquent conduct. In re J.R., 907 S.W.2d 107, 110
(Tex. App.--Austin 1995, no writ); In re R.W., 694 S.W.2d 578, 580 (Tex. App.--Corpus Christi 1985,
no writ). A trial court will be reversed only if the court acted in an unreasonable and arbitrary manner. To
determine if there was an abuse of discretion, this Court reviews the entire record in order to determine if
the juvenile court acted without reference to any principles or guiding rules. In re J.R.W., 879 S.W.2d
254, 257 (Tex. App.--Dallas 1994, no writ). We conclude that the juvenile court did not abuse its
discretion by ordering appellant committed to the Texas Youth Commission. 

 At the dispositional hearing, the court heard testimony from