TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00687-CV






In the Matter of J. W.









FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-16,114, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING 






 The State charged that J.W., a juvenile, engaged in delinquent conduct by committing the
felony offense of credit card abuse. See Tex. Penal Code Ann. § 32.31 (West 1994). The court
adjudicated appellant delinquent and committed him to the Texas Youth Commission. By one point of
error, appellant contends no evidence supports the court's disposition order. We will affirm the court's
order.

 Although appellant does not challenge the court's adjudication order, we briefly outline the
facts. On July 13, 1996, appellant went to Dillard's where he approached a salesperson at the men's
fragrance counter and presented a credit card to purchase over $100 of merchandise. After the salesperson
completed the sale, she became suspicious and checked with the credit office to see if the card was stolen. 
Appellant, meanwhile, went to a menswear department and, using the same credit card, attempted to
purchase $700 in designer clothes. A Dillard's security guard questioned appellant about the credit card. 
Appellant left the store without completing the purchase. The guard learned the card was stolen, found
appellant in the mall, and escorted him back to Dillard's.

 In a sole point of error, appellant contends that there is no evidence to support the court's
following findings:


The Respondent will not accept parental supervision and had demonstrated a disregard for
all authority.


The child, in the child's home, cannot be provided the quality of care and level of support
and supervision that the child needs to meet the conditions of probation.


All reasonable efforts were made to prevent or eliminate the need for the child's removal
from the home and to make it possible for the Respondent to return home.


The Court further finds that the local resources of this Court are not adequate to meet such
needs or accomplish the necessary protection of the public.



Appellant contends he should receive a new disposition hearing.

 Juvenile courts have broad discretion in determining dispositions for children who have been
adjudicated delinquent. In re J.R., 907 S.W.2d 107, 110 (Tex. App.--Austin 1995, no writ); In re R.W.,
694 S.W.2d 578, 580 (Tex. App.--Corpus Christi 1985, no writ). A juvenile court will be reversed only
if the court acted in an unreasonable and arbitrary manner. Appellate courts review the entire record to
determine if the juvenile court acted without reference to any principles or guiding rules and abused its
discretion. In re J.R.W., 879 S.W.2d 254, 257 (Tex. App.--Dallas 1994, no writ).

 Robin Stephens, appellant's parole officer in Caldwell County, testified that appellant was
previously committed to the Texas Youth Commission for aggravated robbery. Stephens had been
supervising appellant since his parole release during the last week of June 1996. Appellant reported to her
as required, enrolled in a GED program, and got a job at a Sonic restaurant. Less than three weeks after
his parole, Stephens received a call that appellant had been away from home in violation of his curfew. A
warrant issued, and, when he was picked up, police found a small amount of marihuana among his
possessions. While detained, he fled, only to be picked up about one-half mile away. At the time of this
proceeding, appellant had charges pending for evading detention and possession of marihuana. Stephens
recommended that appellant be recommitted to the Texas Youth Commission. 

 Owen Mangold, a probation officer with Travis County, testified that appellant, during
detention for the credit card offense, behaved well. Based upon information from Caldwell County,
Mangold recommended appellant be recommitted to the Texas Youth Commission.

 Appellant's mother testified that, if appellant were allowed to return home, she would see
that he completed his GED and returned to his job. 

 Appellant argues that his situation is similar to the facts presented in In re L.G., 728
S.W.2d 939 (Tex. App.--Austin 1987, writ ref'd n.r.e.). In L.G., this Court reversed appellant's
commitment to the Texas Youth Commission because the only evidence in the record indicated that the
juvenile should have been placed on probation. See In re L.G., 728 S.W.2d at 945 (lack of previous
juvenile record, good academic record and probability probation would be completed). The evidence
presented in this case reflects that when appellant was detained his behavior was excellent. However,
within a short time of his release, appellant got into trouble by committing a felony, as well as being charged
with fleeing detention, possessing marihuana, and violating his curfew. Though appellant's mother said she
would see that appellant followed his probation conditions, the evidence shows otherwise. 

 We hold that the challenged findings are supported by sufficient evidence and the court did
not abuse its discretion by recommitting appellant to the Texas Youth Commission. We affirm the court's
disposition order.



 ___________________________________________

 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: October 9, 1997

Do Not Publish



urchase over $100 of merchandise. After the salesperson
completed the sale, she became suspicious and checked with the credit office to see if the card was stolen. 
Appellant, meanwhile, went to a menswear department and, using the same credit card, attempted to
purchase $700 in designer clothes. A Dillard's security guard questioned appellant about the credit card. 
Appellant left the store without completing the purchase. The guard learned the card was stolen, found
appellant in the mall, and escorted him back to Dillard's.

 In a sole point of error, appellant contends that there is no evidence to support the court's
following findings:


The Respondent will not accept parental supervision and had demonstrated a disregard for
all authority.


The child, in the child's home, cannot be provided the quality of care and level of support
and supervision that the child needs to meet the conditions of probation.


All reasonable efforts were made to prevent or eliminate the need for the child's removal
from the home and to make it possible for the Respondent to return home.


The Court further finds that the local resources of this Court are not adequate to meet such
needs or accomplish the necessary protection of the public.



Appellant contends he should receive a new disposition hearing.

 Juvenile courts have broad discretion in determining dispositions for children who have been
adjudicated delinquent. In re J.R., 907 S.W.2d 107, 110 (Tex. App.--Austin 1995, no writ); In re R.W.,
694 S.W.2d 578, 580 (Tex. App.--Corpus Christi 1985, no writ). A juvenile court will be reversed only
if the court acted in an unreasonable and arbitrary manner. Appellate courts review the entire record to
determine if the juvenile court acted without reference to any principles or guiding rules and abused its
discretion. In re J.R.W., 879 S.W.2d 254, 257 (Tex. App.--Dallas 1994, no writ).

 Robin Stephens, appellant's parole officer in Caldwell County, testified that appellant was
previously committed to the Texas Youth Commission for aggravated robbery. Stephens had been
supervising appellant since his parole release during the last week of June 1996. Appellant reported to her
as required, enrolled in a GED program, and got a job at a Sonic restaurant. Less than three weeks after
his parole, Stephens received a call that appellant had been away from home in violation of his curfew. A
warrant issued, and, when he was picked up, police found a small amount of marihuana among his
possessions. While detained, he fled, only to be picked up about one-half mile away. At the time of this
proceeding, appellant had charges pending for evading detention and possession of marihuana. Stephens
recommended that appellant be recommitted to the Texas Youth Commission. 

 Owen Mangold, a probation officer with Travis County, testified that app