Morris Louis **LOFTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 03–98–00458–CR.

Court of Appeals of Texas, Austin.

Dec. 16, 1999.

**798**

Michael W. Metz, Tarver & Blythe, Temple, for Appellant.

James T. Russell, Administrative Asst., Belton, for Appellee.

Before Justices JONES, KIDD and YEAKEL.

LEE YEAKEL, Justice.

A jury convicted appellant of assault on a public servant and assessed punishment, enhanced by a prior conviction, at ten years' imprisonment and a $3,000 fine. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(1) (West 1994 & Supp.1999). On appeal, appellant contends that the district court erred in refusing to submit appellant's requested jury instruction on the lesser included offense of resisting arrest. We will reverse and remand.

## Facts

Officers Munoz and Elliott of the Temple Police Department responded to a domestic disturbance call at the home of appellant's aunt. When the officers arrived, they learned that appellant had argued with his cousin. According to the officers, appellant was highly agitated, and as a result Elliott instructed Munoz to arrest appellant.

As Munoz approached appellant, appellant retreated into the kitchen. Munoz told appellant that he was under arrest. Appellant replied that he did not do anything wrong. Munoz testified that he pinned appellant against the doorway and appellant pushed away, striking Munoz in the face. Munoz tried again to grab appellant, and appellant struck Munoz in the face a second time, knocking off his glasses. Elliott's testimony corroborated that of Munoz.

Munoz then grabbed appellant and threw him over the kitchen table. The table collapsed causing both men to fall to the floor. Once appellant was subdued, the officers handcuffed him and took him to jail. At trial, appellant testified that he recalled an officer grabbing him and throwing him over the table, similar to a tackle in football. However, appellant did not recall any earlier contact with the officers or displacing the glasses of either officer. He also stated, "I didn't feel I was resisting or nothing like that."

## Discussion

Appellant was indicted for and the jury was charged on assault on a public servant. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(1). Appellant contends that the district court erred in denying his request that the jury be charged on the lesser included offense of resisting arrest. *See* Tex. Penal Code Ann. § 38.03 (West 1994).

### Charge Error

■ A court must charge the jury on a lesser offense in addition to the charged offense if (1) proof of the lesser offense is included within the proof necessary to establish the offense charged, and (2) some evidence exists in the record that would permit a jury rationally to find the defendant guilty, if at all, of only the lesser offense. *See Rousseau v. State*, 855 S.W.2d 666, 673 (Tex.Crim.App.1993). The state concedes, and we agree, that resisting arrest is a lesser included offense of assault on a public servant. *See Sutton v. State*, 548 S.W.2d 697, 699 (Tex.Crim. App.1977). Therefore, we will analyze under the second prong of the test.

A person commits assault if he "intentionally, knowingly, or recklessly causes bodily injury to another." [1] Tex. Penal Code Ann. § 22.01(a)(1) (West 1994). A person commits the offense of resisting arrest if he "intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest, search, or transportation of the actor or another by using force against the peace officer or another." *Id.* § 38.03. In the case before us, the distinction between these two crimes is appellant's mental state. *See Brooks v. State*, 967 S.W.2d 946, 950 (Tex.App.—Austin 1998, no pet.). Assault requires intentionally, knowingly, or recklessly causing a certain result while resisting arrest requires intent to commit the stated conduct. *See id.;* Tex. Penal Code Ann. §§ 22.01(a)(1), 38.03. Under our facts, if appellant intended to cause bodily injury to the officer and did so, he is guilty of assault. *See* Tex. Penal Code Ann. § 22.01(a)(1). If, however, appellant's intent was to resist arrest and the force he used was merely a by-product of that goal, appellant is guilty only of resisting arrest. *See* Tex. Penal Code Ann § 38.03.

■ We analyze lesser included offenses by determining whether there is any evidence in the record from any source to indicate that if appellant was guilty, he was guilty only of the lesser offense. *See Jones v. State*, 984 S.W.2d 254, 257 (Tex.Crim.App.1998). "Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge." *Bignall v. State*, 887 S.W.2d 21, 23 (Tex.Crim.App.1994). Whether there is evidence, within or without the defendant's testimony, which raises the lesser offense controls the issue of whether an instruction on the lesser included offense should be given. *See Jones*, 984 S.W.2d at 257.

■ The evidence may be proffered by the State or the defense; the evidence may be strong or weak, unimpeached or contradicted. *See Rousseau*, 855 S.W.2d at 672; *Bell v. State*, 693 S.W.2d 434, 442 (Tex.Crim.App.1985). The trier of fact is always free to selectively believe all or part of the evidence admitted at trial. *See Bignall*, 887 S.W.2d at 24 (citing *Bell*, 693 S.W.2d at 443). So long as there is some evidence which is "directly germane" to a lesser offense for the factfinder to consider, then an instruction on the lesser included offense is warranted. *See id.; Skinner v. State*, 956 S.W.2d 532, 543 (Tex.Crim. App.1997), *cert. denied*, 523 U.S. 1079, 118 S.Ct. 1526, 140 L.Ed.2d 677 (1998).

■ There are two ways in which the evidence may indicate that a defendant is guilty of only the lesser offense. *See Saunders v. State*, 840 S.W.2d 390, 392 (Tex.Crim.App.1992), *on remand*, 871 S.W.2d 920 (Tex.App.—Corpus Christi 1994), *aff'd*, 913 S.W.2d 564 (Tex.Crim. App.1995). First, there may be evidence that negates or refutes other evidence establishing the greater offense. *See id.* Second, and applicable to our case, a defendant may be shown to be guilty of only the lesser offense if the evidence presented is subject to different interpretations. *See id.* The evidence here case can rationally

---

**1.** The offense is a third-degree felony if committed against a public servant. *See* Tex. Penal Code Ann. § 22.01(b)(1) (West Supp. 1999).

be interpreted to support either the mental state necessary for assault or the mental state necessary for resisting arrest. Munoz testified:

> I pinned [appellant] up against the door jamb. At that time I was trying to grab him and he pushed himself away turning, and then struck me in the face. And then as I went back, I tried to regrab him and he struck me again. This time he struck me ... knocking my glasses off the second time.

From the evidence before it, the jury could have rationally believed that appellant intended to obstruct the arrest and the force he used was incident to that intent.

■ At trial, appellant denied any wrongdoing. "If a defendant either presents evidence that he committed no offense or presents no evidence, *and there is no evidence otherwise showing he is guilty only of a lesser included offense,* then a charge on a lesser included offense is not required." *Bignall,* 887 S.W.2d at 24 (quoting *Aguilar v. State,* 682 S.W.2d 556, 558 (Tex.Crim.App.1985)) (emphasis added). Thus, it is irrelevant that the defendant denies any wrongdoing as long as there is evidence somewhere in the record that, if believed, shows that if the defendant is guilty he is guilty of only the lesser offense. *See Jones,* 984 S.W.2d at 257.

We hold, based on the evidence in the record before us, that appellant was entitled to have the jury charged on the offense of resisting arrest and therefore sustain appellant's issue.

### Harm Analysis

■ The erroneous refusal to give a requested instruction on a lesser included offense is charge error subject to *Almanza* harm analysis. *See Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985); *Jiminez v. State,* 953 S.W.2d 293, 299 (Tex. App.-Austin 1997, pet. ref'd). "[A]n error which has been properly preserved by objection will call for reversal as long as the error is not harmless." *Almanza,* 686 S.W.2d at 171. "[R]eversal is required if the error resulted in some harm to the accused, 'some' meaning 'any.'" *Jiminez,* 953 S.W.2d at 299. If the absence of the lesser included offense instruction left the jury only with the options either to convict the defendant of the charged offense or to acquit him, a finding of harm is essentially automatic because the jury was denied the opportunity to convict the defendant of the lesser offense. *See Mitchell v. State,* 807 S.W.2d 740, 742 (Tex.Crim.App.1991), *Jiminez,* 953 S.W.2d at 299 (citing *Saunders,* 913 S.W.2d at 571). Harm is presumed because of the possibility that the jury, believing the defendant to have committed some crime but given the option only to convict him of the greater offense, may have chosen to find him guilty of that greater offense, rather than to acquit him altogether, even though it had a reasonable doubt that he really committed the greater offense. *See Saunders,* 913 S.W.2d at 571; *Jiminez,* 953 S.W.2d at 300. We cannot say that the district court's refusal to instruct the jury on the lesser included offense of resisting arrest did not result in some harm to appellant.

### Conclusion

We hold that the evidence is sufficient to raise the issue of resisting arrest notwithstanding evidence which supports proof of the greater offense of assault, and the failure of the district court to submit appellant's requested written charge on the lesser offense constitutes reversible error. *See Sutton,* 548 S.W.2d at 700.

The judgment is reversed and the cause remanded.