**Robert Gene OILER aka Chris Edward Enke, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–99–317–CR.

Court of Appeals of Texas, Corpus Christi.

March 28, 2002.

W.A. "Bill" White, Victoria, for Appellant.

Jim Vollers, Austin, Robert E. Bell, Criminal Dist. Atty., Edna, for Appellee.

Before Justices DORSEY, YAÑEZ, and CASTILLO.

## OPINION ON REMAND

YAÑEZ, Justice.

This case is before this Court on remand from the Texas Court of Criminal Appeals. Robert Gene Oiler, appellant, was convicted in April 1999 of aggravated assault on a police officer. *See* TEX. PEN. CODE ANN. § 22.01 (Vernon Supp.2002).[1] Appellant challenges his conviction with one point of error. We affirm.

### I. Background

On August 27, 1999, officers Darren Stancik and Rick Boone, of the Jackson County Sheriff's Department, were dispatched to an accident along a state highway. While en route to the accident, the officers were informed that a fight had developed between the people involved in the accident, and that a baseball bat had been used. Upon arriving, the officers were warned by people at the scene that appellant was violent and had stated that the police would not take him alive. Stancik approached appellant, who was bloody from injuries sustained in a fight with his stepson before the officers arrived.

When he saw that appellant had a metallic object in his hand, Stancik ordered appellant to put his hands on his car. Instead of complying with the officer's command, appellant approached officer Stancik in an aggressive manner, swearing and holding a knife. Initially Stancik drew his pistol, but in a remarkable show of restraint, holstered his sidearm and used pepper spray to stop appellant, after appellant had approached to within fifteen feet of the officer. The pepper spray failed to incapacitate the appellant, so officer Boone assisted Stancik in wrestling the appellant to the ground.

The officers struggled with appellant while he was on the ground, eventually managing to handcuff him. Appellant continued to struggle even after being handcuffed, kicking and spitting at the officers. As Stancik was retrieving the knife appellant had brandished, appellant kicked Stancik in the leg, just below his knee. Appellant also threatened Stancik when he kicked him. Appellant was still on the ground when he kicked Stancik, and the officers left appellant on the ground and radioed for additional officers and emergency medical services.

Appellant remained belligerent throughout the remainder of the evening, threatening most of the people who had contact with him, and lashing out constantly, even attempting to kick the emergency medical technicians who attempted to treat his injuries.

Appellant was tried before a jury, found guilty of assault on a public servant, and, with enhancements, was sentenced to ninety-nine years in the Texas Department of Corrections, Institutional Division. The charge provided to the jury at trial included only the charge of assault on a public servant. Appellant objected to the charge and requested that the charge include resisting arrest as a lesser-included offense of assault on a public servant. The trial court overruled appellant's objection, and refused the amendments to the charge.

Appellant challenged his conviction, arguing in his sole point of error that the trial court erred in refusing to submit a jury charge on the lesser-included offense of resisting arrest. In an unpublished opinion issued on December 7, 2000, this Court sustained appellant's sole point of error, and reversed and remanded. *Oiler*

---

1. Appellant was tried under the 1997 amendments to § 22.01. Because the differences between the 1997 version and the current version of § 22.01 do not affect the provisions at issue in this appeal, the current version will be cited throughout this opinion.

*v. State,* No. 13–99–00317–CR, 2000 WL 33739842, (Tex.App.-Corpus Christi December 7, 2000)(Seerden, CJ, dissenting)(not designated for publication). The court of criminal appeals, in an unpublished *per curiam* opinion delivered September 19, 2001, reversed our decision and remanded the case to this Court to consider in light of the court of criminal appeals' decision in *Lofton v. State,* 45 S.W.3d 649 (Tex.Crim.App.2001).

## II. *Lofton v. State*

### A. Factual Background

The facts in *Lofton* are similar to those of the case now before this Court. *See Lofton,* 45 S.W.3d at 650–51. In *Lofton,* police officers in Temple, Texas responded to a domestic disturbance call. *Id.* at 650. When the officers arrived at the scene, they found Morris Lofton belligerent and upset. *Id.* When the officers attempted to arrest Lofton, he first attempted to flee, then struggled with the police officers, striking one of the officers in the face. *Id.* The police officers testified that Lofton stated "You're not arresting me, you'll have to kill me." *Id.* Eventually the officers overpowered Lofton and placed him in handcuffs. *Id.* Lofton was convicted of assault on a public servant, and appealed, arguing that the trial court erred in refusing a jury instruction on the lesser-included offense of resisting arrest. *Id.* The Austin Court of Appeals reversed and remanded. *Lofton v. State,* 6 S.W.3d 796, 798 (Tex.App.-Austin 1999), *rev'd,* 45 S.W.3d 649 (Tex.Crim.App.2001).

The court of appeals held that the evidence at trial could have supported either a conviction for resisting arrest, or one for assault, writing that "[f]rom the evidence before it, the jury could have rationally believed that appellant intended to obstruct the arrest and the force he used was incident to that intent." *Lofton,* 6 S.W.3d

at 800. The court of criminal appeals reversed the court of appeals, stating:

We conclude that the evidence in the instant case did not raise the issue of the lesser included offense of resisting arrest. A defendant's own testimony that he committed no offense, or testimony which otherwise shows that no offense occurred at all, is not adequate to raise the issue of a lesser-included offense. In *Bignall v. State,* we concluded, "if a defendant either presents evidence that he committed no offense or presents no evidence, and there is no evidence otherwise showing that he is guilty only of a lesser-included offense, then a charge on a lesser-included offense is not required." The evidence must establish that if a defendant is guilty, he is guilty only of the lesser included offense.

The evidence at trial showed that appellant intended to assault a public servant who appellant knew was in the lawful discharge of his official duty. Appellant struck a police officer twice in the face during the officer's attempt to arrest appellant, causing the officer to suffer pain and a cut on his face. Even if appellant had intended only to prevent his arrest, the force used by appellant against [the police officer], at the very least, recklessly caused [the police officer] to suffer a bodily injury. Regardless of appellant's intent, the State proved that appellant assaulted [the police officer]. Resisting arrest was not a rational alternative to assault on a public servant in the instant case.

*Lofton,* 45 S.W.3d at 652 (quoting *Bignall v. State,* 887 S.W.2d 21, 23 (Tex.Crim.App. 1994) ).

### B. Legal Analysis

 Under Texas law, a defendant is entitled to a charge on a lesser-included offense if: (1) the lesser-included offense

must be included within the proof necessary to establish the offense charged; and (2) some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser included offense. _Lofton_, 45 S.W.3d at 651; _Rousseau v. State_, 855 S.W.2d 666, 672–73 (Tex.Crim.App. 1993). If there is anything more than a mere scintilla of evidence, a defendant is entitled to a charge on the lesser included offense. _Forest v. State_, 989 S.W.2d 365, 367 (Tex.Crim.App.1999); _Bignall_, 887 S.W.2d at 23.

A person may be found guilty of assault on a public servant if that person "intentionally or knowingly or recklessly caused bodily injury to a person the appellant knew was a public servant while the public servant was lawfully discharging an official duty." _See_ TEX. PEN. CODE ANN. § 22.01 (Vernon Supp.2002). The offense of resisting arrest is committed when a person "intentionally prevents or obstructs a person he knows is a peace officer ... from effecting an arrest ... by using force against the peace officer [.]" TEX. PEN. CODE. ANN. § 38.03 (Vernon 1994). The code of criminal procedure provides that an offense is a lesser-included offense if it can be established by proof of the same facts required to establish the commission of the offense charged. TEX. CODE CRIM. PROC. ANN. § 37.09 (Vernon 1981).

In _Lofton_, the court of appeals discussed the difference between assault and resisting arrest, writing that "the distinction between these two crimes is appellant's mental state. Assault requires intentionally, knowingly, or recklessly causing a certain result while resisting arrest requires intent to commit the stated conduct." _Lofton_, 6 S.W.3d at 799 (citations omitted). The court of appeals then applied the distinction, stating: "[u]nder our facts, if ap-

pellant intended to cause bodily injury to the officer and did so, he is guilty of assault. If, however, appellant's intent was to resist arrest and the force he used was merely a by-product of that goal, appellant is guilty only of resisting arrest." _Id._ (citations omitted).

The court of criminal appeals disagreed with the court of appeals' analysis, stating that, regardless of his intent, Lofton had used force against a police officer and had "at the very least, recklessly caused [the police officer] to suffer a bodily injury." _Lofton_, 45 S.W.3d at 652. Essentially, the court of criminal appeals held, as is more clearly stated by the dissent in _Lofton_, that "[e]ven if appellant by his actions has intended to prevent the arrest, this does not negate the evidence that his chosen method of doing so was to assault the arresting officer." _Id._ at 653 (Meyers, J., dissenting). The court of criminal appeals thus held that, because the officer was injured when Lofton resisted the arresting officers, he is guilty of assault, and cannot be guilty only of the lesser included offense of resisting arrest. _See id._ at 652.

## C. Application of _Lofton_

■ When this Court initially decided the instant case, we applied an analysis identical to that applied by the Austin Court of Appeals in _Lofton_. _Oiler_, No. 13–99–00317–CR, 2000 WL 33739842, at *3,. Our analysis has now been disapproved by the court of criminal appeals. _See Lofton_, 45 S.W.3d at 652. In the instant case, appellant used force to prevent the police officers from effecting his arrest, kicking one of the officers in the process. The officer testified he was injured when appellant kicked him. Under the holding in _Lofton_, we now hold that appellant was not entitled to a lesser-included offense instruction. However, we find the _Lofton_ decision troubling: the _Lofton_ holding cre-

ates the very great risk that, in any case in which a person resists arrest by any use of force, the State will oppose a resisting arrest instruction. Although the appellants in the instant case and in *Lofton* clearly used a great deal of force in resisting arrest, the decision of the court of criminal appeals raises the very real possibility that any minor scuffle during an arrest will result in a defendant being charged solely with assault on a public servant.

### III. Conclusion

Applying the *Lofton* holding to the case now before this Court, we find that appellant was not entitled to the jury instruction for the lesser-included offense of resisting arrest. Appellant's sole point of error is overruled.

The judgment of the trial court is AFFIRMED.

Concurring opinions by Justices DORSEY and CASTILLO.

DORSEY, Justice, Concurring.

I agree with the conclusion Justice Yañez reaches, that the conviction be affirmed, but I do not join with her dire prediction of evil days to come resulting from the Court of Criminal Appeals' decision in *Lofton v. State,* 45 S.W.3d 649 (Tex.Crim.App.2001). I believe she misreads the rationale of the *Lofton* decision. Accordingly, she speaks for herself only, and not for the court.

I concur in the result only.

CASTILLO, Justice, Concurring.

I concur in the opinion but express no position on the possible future impact of *Lofton.*