SMITH V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-110-CR

BOBBY CLIFFORD SMITH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Appellant Bobby Clifford Smith appeals his six-year sentence and $2,500 fine for assault on a public servant.  In his sole point on appeal, appellant contends that the trial court erred by refusing to submit an instruction for the lesser-included offense of resisting arrest.  We affirm.  

Background Facts

On May 8, 2003, the Parker County Sheriff’s Office executed an arrest warrant for appellant for failure to identify (fugitive).  Sergeant Arthur Ramirez,  Deputy Ricky Montgomery, and Deputy Donovan Potter were all dressed in uniform when they entered Smith Welding where appellant was working. 

Deputy Montgomery told appellant that he had a warrant for his arrest. After appellant refused to comply with Deputy Montgomery’s order to put his hands behind his back, Sergeant Ramirez grabbed appellant’s right arm, and Deputy Montgomery held appellant’s left arm.  Appellant began to resist the officers, claiming that his shoulders would be dislocated if he put his hands behind his back.  Even though the officers told appellant that he could be handcuffed in the front, appellant continued to resist.

Because appellant was struggling, the officers were only able to get his left wrist in handcuffs.  Appellant continued resisting them, so Sergeant Ramirez pepper-sprayed appellant in order to place him in custody.  Despite being sprayed, appellant continued to struggle with the officers, at which time Sergeant Ramirez decided to move appellant outside to arrest him because of the confined space in the building.

Once outside, appellant continued to struggle after repeatedly being told to stop resisting.  During the struggle, Deputy Potter fell to the ground on top of some scrap metal, but continued to hold onto appellant’s wrist as he fell.  Deputy Potter fell on his back facing up, and appellant fell face down on top of Deputy Potter, so that the two were face-to-face.  Deputy Montgomery fell on top of appellant face down.  While appellant was on top of Deputy Potter, his head slammed into the right side of Deputy Potter’s face.

Finally, Sergeant Ramirez and Deputy Montgomery were able to handcuff appellant.  The officers called Life Care to the scene to evaluate appellant’s wrists and shoulders after he complained they were hurting, as well as to treat Deputy Potter’s injuries.  Deputy Potter’s injuries included a two-inch laceration on his elbow, swelling of his elbow, and redness and swelling on the right side of his face.  Deputy Potter was later treated for his injuries at Campbell Hospital.  A jury convicted appellant of assault on a public servant, a third degree felony.  
See
 
Tex. Penal Code Ann.
 § 22.01(b)(1) (Vernon Supp. 2004-05).

Issue

In his sole point on appeal, appellant argues that he was entitled to a jury instruction on the lesser-included offense of resisting arrest, a class A misdemeanor.  
See 
 
id.
 § 38.03(c) (Vernon 2003).  To determine if a defendant is entitled to a lesser-included offense instruction, a two prong test applies:  (1) the lesser-included offense must be included within the proof necessary to establish the offense charged, and (2) some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense.
  
Lofton v. State
, 45 S.W.3d 649, 651 (Tex. Crim. App. 2001); 
Rousseau v. State
, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993).
  
If there is anything more than a mere scintilla of evidence, a defendant is entitled to a charge on the lesser-included offense.  
See Forest v. State
, 989 S.W.2d 365, 367 (Tex. Crim. App. 1999); 
Oiler v. State
, 77 S.W.3d 849, 852 (Tex. App.
སྭ
Corpus Christi 2002, pet. ref’d).
  

A person commits the offense of assault on a public servant under penal code section 22.01 if he intentionally, knowingly, or recklessly causes bodily injury to a person the actor knows is a public servant while the public servant is lawfully discharging an official duty.  
Tex. Penal Code Ann
. ྷ 22.01(a)(1), (b)(1).  
A person commits the offense of resisting arrest under penal code section 38.03 if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer’s presence and at his direction from effecting an arrest, search, or transportation of the actor or another by using force against the peace officer or another.  
Id.
 
§ 38.03(a).
  
The greater offense is a felony with a maximum sentence of ten years in prison plus a fine no greater than $10,000, while the lesser offense of resisting arrest is a misdemeanor with a maximum sentence of one year in jail.  
Id.
 ྷྷ 12.21(2), 12.34(a), 38.03(c) (Vernon 2003), ྷ 22.01(b)(1).

To prove resisting arrest, the State must show that the person intentionally prevented a peace officer from effecting an arrest.  
Id
. 
§ 38.03(a).  To prove assault on a public servant the State must show the person intentionally, knowingly, or recklessly caused bodily injury to a peace officer while he was performing a lawful duty.  
Id
. 
§ 22.01(a)(1).  Thus, the facts necessary to prove the greater offense of assault on a public servant can also be used to prove the lesser-included offense of resisting arrest. 
 
See Sutton v. State
, 548 S.W.2d 697, 699 (Tex. Crim. App. 1977); 
Gumpert v. State
, 48 S.W.3d 450, 453 (Tex. App.སྭTexarkana 2001, pet. ref’d); 
see also Ortega v. State
, No. PD-0819-04, 2005 WL 2218404, at *2, 4 (Tex. Crim. App. Sept. 14, 2005) (declining to address State’s first two issues dealing with whether resisting arrest is a lesser-included offense of assault on a peace officer and holding instead that the offenses are not the same under the 
Blockburger 
rule; therefore, a subsequent prosecution for assault on a public servant after a conviction for resisting arrest based on the same conduct does not violate the Double Jeopardy Clause).

Regarding the second prong, the evidence shows that appellant 
intentionally head-butted Deputy Potter when the two were face-to-face.  Deputy Potter testified that after the fall, appellant purposefully raised his head and hit him on the right side of his face.  Deputy Montgomery also testified that appellant’s strike appeared to him to be intentional.

Appellant argues that the testimony of his brother and sister-in-law raises a fact issue as to whether he was guilty only of resisting arrest.  The testimony indicates that appellant was only trying to move his arms in front of him and wipe the spray out of his eyes and that Deputy Potter’s injuries occurred because the officers and appellant tripped and fell over a concrete ledge, not as a result of appellant’s using force and causing the officers to fall.  Both testified that they did not see appellant head-butt Deputy Potter.  

Even if appellant had intended only to prevent his arrest, the force appellant used against Deputy Potter, at the very least, recklessly caused Deputy Potter to suffer bodily injury.  
See Lofton
, 45 S.W.3d at 652.  Thus, appellant cannot be guilty only of the lesser-included offense of resisting arrest because Deputy Potter was injured as a result of the force appellant used to resist arrest.  
See id
. (holding that even if appellant intended only to prevent arrest and not to injure officer, the fact that he used force against officer while resisting arrest, and that force caused injury, showed that appellant could not be guilty only of resisting arrest).  In addition, the testimony of appellant’s brother and sister-in-law would not permit the jury to rationally find that appellant was guilty only of the lesser-included offense of resisting arrest because they claim appellant did not use any force against the officer, an element required to prove the offense of resisting arrest. 
See 
Tex. Penal Code Ann.
 § 38.03(a); 
Lofton
, 45 S.W.3d at 652. 

Because there is no evidence that would permit the jury to find that appellant is guilty only of resisting arrest and not of assaulting a public servant, the trial court did not err by refusing to submit an instruction on the lesser-included offense of resisting arrest.

Conclusion

Having overruled appellant’s sole issue, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: October 27, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.