COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-110-CR

 

 

BOBBY CLIFFORD SMITH                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 43RD DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Introduction

Appellant Bobby Clifford
Smith appeals his six-year sentence and $2,500 fine for assault on a public
servant.  In his sole point on appeal,
appellant contends that the trial court erred by refusing to submit an instruction
for the lesser-included offense of resisting arrest.  We affirm. 









Background Facts

On May 8, 2003, the Parker
County Sheriff=s Office
executed an arrest warrant for appellant for failure to identify
(fugitive).  Sergeant Arthur
Ramirez,  Deputy Ricky Montgomery, and
Deputy Donovan Potter were all dressed in uniform when they entered Smith
Welding where appellant was working. 

Deputy Montgomery told
appellant that he had a warrant for his arrest. After appellant refused to
comply with Deputy Montgomery=s order to put his hands behind his back, Sergeant Ramirez grabbed
appellant=s right arm,
and Deputy Montgomery held appellant=s left arm.  Appellant began to
resist the officers, claiming that his shoulders would be dislocated if he put
his hands behind his back.  Even though
the officers told appellant that he could be handcuffed in the front, appellant
continued to resist.

Because appellant was
struggling, the officers were only able to get his left wrist in
handcuffs.  Appellant continued resisting
them, so Sergeant Ramirez pepper-sprayed appellant in order to place him in
custody.  Despite being sprayed,
appellant continued to struggle with the officers, at which time Sergeant
Ramirez decided to move appellant outside to arrest him because of the confined
space in the building.








Once outside, appellant
continued to struggle after repeatedly being told to stop resisting.  During the struggle, Deputy Potter fell to
the ground on top of some scrap metal, but continued to hold onto appellant=s wrist as he fell.  Deputy
Potter fell on his back facing up, and appellant fell face down on top of
Deputy Potter, so that the two were face-to-face.  Deputy Montgomery fell on top of appellant
face down.  While appellant was on top of
Deputy Potter, his head slammed into the right side of Deputy Potter=s face.

Finally, Sergeant Ramirez and
Deputy Montgomery were able to handcuff appellant.  The officers called Life Care to the scene to
evaluate appellant=s wrists and
shoulders after he complained they were hurting, as well as to treat Deputy
Potter=s injuries.  Deputy Potter=s injuries included a two-inch laceration on his elbow, swelling of
his elbow, and redness and swelling on the right side of his face.  Deputy Potter was later treated for his
injuries at Campbell Hospital.  A jury
convicted appellant of assault on a public servant, a third degree felony.  See Tex.
Penal Code Ann. ' 22.01(b)(1)
(Vernon Supp. 2004-05).

Issue








In his sole point on appeal,
appellant argues that he was entitled to a jury instruction on the
lesser-included offense of resisting arrest, a class A misdemeanor.  See  id. ' 38.03(c) (Vernon 2003).  To
determine if a defendant is entitled to a lesser-included offense instruction,
a two prong test applies:  (1) the
lesser-included offense must be included within the proof necessary to
establish the offense charged, and (2) some evidence must exist in the record
that would permit a jury rationally to find that if the defendant is guilty, he
is guilty only of the lesser-included offense.  Lofton v. State, 45 S.W.3d
649, 651 (Tex. Crim. App. 2001); Rousseau v. State, 855 S.W.2d 666,
672-73 (Tex. Crim. App. 1993).  If
there is anything more than a mere scintilla of evidence, a defendant is
entitled to a charge on the lesser-included offense.  See Forest v. State, 989 S.W.2d 365,
367 (Tex. Crim. App. 1999); Oiler v. State, 77 S.W.3d 849, 852 (Tex.
App._Corpus Christi 2002, pet. ref=d).  








A person commits the offense
of assault on a public servant under penal code section 22.01 if he
intentionally, knowingly, or recklessly causes bodily injury to a person the
actor knows is a public servant while the public servant is lawfully
discharging an official duty.  Tex. Penal Code Ann. _
22.01(a)(1), (b)(1).  A person commits
the offense of resisting arrest under penal code section 38.03 if he
intentionally prevents or obstructs a person he knows is a peace officer or a
person acting in a peace officer=s presence and at his direction from effecting an arrest, search, or
transportation of the actor or another by using force against the peace officer
or another.  Id. ' 38.03(a).  The greater
offense is a felony with a maximum sentence of ten years in prison plus a fine
no greater than $10,000, while the lesser offense of resisting arrest is a
misdemeanor with a maximum sentence of one year in jail.  Id. __ 12.21(2), 12.34(a), 38.03(c) (Vernon 2003), _
22.01(b)(1).

To prove resisting arrest,
the State must show that the person intentionally prevented a peace officer
from effecting an arrest.  Id. ' 38.03(a).  To prove assault on
a public servant the State must show the person intentionally, knowingly, or
recklessly caused bodily injury to a peace officer while he was performing a
lawful duty.  Id. ' 22.01(a)(1).  Thus, the facts
necessary to prove the greater offense of assault on a public servant can also
be used to prove the lesser-included offense of resisting arrest.  See Sutton v. State, 548 S.W.2d
697, 699 (Tex. Crim. App. 1977); Gumpert v. State, 48 S.W.3d 450, 453
(Tex. App._Texarkana 2001, pet. ref=d); see also Ortega v. State, No. PD-0819-04, 2005 WL 2218404,
at *2, 4 (Tex. Crim. App. Sept. 14, 2005) (declining to address State=s first two issues dealing with whether resisting arrest is a
lesser-included offense of assault on a peace officer and holding instead that
the offenses are not the same under the Blockburger rule; therefore, a
subsequent prosecution for assault on a public servant after a conviction for
resisting arrest based on the same conduct does not violate the Double Jeopardy
Clause).








Regarding the second prong,
the evidence shows that appellant intentionally head-butted Deputy Potter when
the two were face-to-face.  Deputy Potter
testified that after the fall, appellant purposefully raised his head and hit
him on the right side of his face. 
Deputy Montgomery also testified that appellant=s strike appeared to him to be intentional.

Appellant argues that the
testimony of his brother and sister-in-law raises a fact issue as to whether he
was guilty only of resisting arrest.  The
testimony indicates that appellant was only trying to move his arms in front of
him and wipe the spray out of his eyes and that Deputy Potter=s injuries occurred because the officers and appellant tripped and
fell over a concrete ledge, not as a result of appellant=s using force and causing the officers to fall.  Both testified that they did not see
appellant head-butt Deputy Potter.  








Even if appellant had
intended only to prevent his arrest, the force appellant used against Deputy
Potter, at the very least, recklessly caused Deputy Potter to suffer bodily
injury.  See Lofton, 45 S.W.3d at
652.  Thus, appellant cannot be guilty
only of the lesser-included offense of resisting arrest because Deputy Potter
was injured as a result of the force appellant used to resist arrest.  See id. (holding that even if
appellant intended only to prevent arrest and not to injure officer, the fact
that he used force against officer while resisting arrest, and that force
caused injury, showed that appellant could not be guilty only of resisting
arrest).  In addition, the testimony of
appellant=s brother
and sister-in-law would not permit the jury to rationally find that appellant
was guilty only of the lesser-included offense of resisting arrest because they
claim appellant did not use any force against the officer, an element required
to prove the offense of resisting arrest. See Tex. Penal Code Ann. ' 38.03(a); Lofton, 45 S.W.3d at 652. 

Because there is no evidence
that would permit the jury to find that appellant is guilty only of resisting
arrest and not of assaulting a public servant, the trial court did not err by
refusing to submit an instruction on the lesser-included offense of resisting
arrest.

Conclusion

Having overruled appellant=s sole issue, we affirm the trial court=s judgment.

 

PER CURIAM

PANEL F:    LIVINGSTON,
GARDNER, and WALKER, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: October 27,
2005











[1]See Tex. R. App. P. 47.4.