Opinion issued July 13, 2006









Opinion issued July 13,
2006






 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-00140-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



RAUL ROBLES AGUILAR, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 23rd District Court

Brazoria County, Texas

Trial Court Cause No. 46,561

 








 



MEMORANDUM OPINION

 

          Appellant
Raul Robles Aguilar pleaded not guilty to a charge of assault on a public
servant.  A jury found him guilty and the
trial court sentenced him to seven years’ imprisonment.  In one issue, Aguilar contends the trial
court erred in failing to charge the jury on a lesser included offense of
resisting arrest.  We conclude that the
trial court did not abuse its discretion and therefore affirm.

Facts

          In
February 2004, Clute Police Department Officer Carlton observed Aguilar
standing at the entrance of the Olde Oaks Apartments.  Carlton recognized Aguilar because Carlton
was present two days earlier when another officer, Officer Harris, had cited
Aguilar with a criminal trespass warning to stay off the property.  Aguilar’s spouse or ex-spouse lived in one of
the apartments in the building.  She had
reported that Aguilar had been following her while she took the children to
school and would attempt to stop her from returning to her apartment, resulting
in verbal confrontations.

          Officer
Carlton approached Aguilar in the apartment parking lot and asked him to
disclose the purpose of his presence. 
Aguilar stated that he was waiting there to watch his children leave for
school.  Carlton asked Aguilar to leave,
but he refused to do so.  Carlton asked
again and Aguilar continued to refuse.  Carlton
then warned Aguilar that if he refused to leave, he would arrest him.  Aguilar verbally refused.  Carlton then exited his patrol car and
stated, “You are under arrest.”

          Carlton
asked Aguilar to place his hands on the patrol car.  Aguilar refused.  Carlton attempted to grab Aguilar’s arm, and
Aguilar took a swing at him.  After
Aguilar swung at Carlton a second time, Carlton used pepper spray in an attempt
to subdue him.  Shortly thereafter,
Officer Harris arrived in another patrol vehicle.  Aguilar had been pepper sprayed, but his eyes
were open.  Aguilar ran toward Harris.  Officer Harris grabbed Aguilar, and Aguilar
responded by hitting Harris with “full contact punches” twice on the left side
of his face.  In Carlton’s opinion,
Aguilar intentionally hit Harris.  A
struggle ensued, and Aguilar at one point held Harris in a headlock.  Harris told Carlton that Aguilar was choking
him.  Carlton pulled Aguilar away from
Harris and handcuffed him.  Carlton
observed red marks on Harris’s face and around his neck.  A third officer, Belinda Rickman, arrived on
the scene.  She arrived while Carlton was
attempting to handcuff Aguilar.  She did
not witness the assault on Harris.  After
the incident, the shift lieutenant sent Harris home for the day.  The next day, Harris sought emergency room
treatment for a hand injury and headaches. 
Harris testified that the punches “rang my bell.”

          Aguilar
testified on his own behalf.  He
acknowledged standing outside the apartment complex, but was three meters
outside the line the police officers had told him that he could not cross in
connection with the earlier criminal trespass warnings.  He denied Carlton’s version of the events, stating
that he told Carlton that he wanted to take his children to school and that he
was outside apartment property.  He
stated that he moved when Carlton asked him to do so, but Carlton nonetheless
used pepper spray on him.  He denied
swinging at Carlton and punching Harris, and said that he was merely trying to
“get them off of me like that.”  He
stated that the officers punched at him and he tried to defend himself,
whereupon all of them fell into a ditch. 
He denied holding Harris in a headlock. 
He also denied knowing that he was under arrest, but admitted that he
refused to place his hands on the patrol car when Carlton asked him to do so.  Aguilar admitted that “in the movements, in
trying to attempt to move, get them off of me, I could have hit them possibly.”  He conceded that he was “reckless” and should
not have acted the way he did toward police officers.  He also testified that he could not see for
thirty minutes due to the pepper spray.

Lesser Included Offense

In his sole issue, Aguilar contends
that the trial court should have instructed the jury as to the lesser included
offense of resisting arrest.  The State
responds that the trial court correctly denied the request because no evidence
exists from which a jury could rationally conclude that Aguilar was guilty only
of the lesser included offense.  

 

Applicable Law

A trial court may instruct the jury
on a lesser included offense if (1) the offense in question is a lesser
included offense under article 37.09 of the Texas Code of Criminal Procedure
and (2) some evidence is presented that would permit a rational jury to find
that the defendant is not guilty of the greater offense but is guilty of the
lesser included offense.  Hayward v.
State, 158 S.W.3d 476, 478 (Tex. Crim. App. 2005); Moore v. State,
969 S.W.2d 4, 8 (Tex. Crim. App. 1998). 
This two-prong test is usually known as the Royster test, after
the case in which the test was first stated in that exact form.  See Royster v. State, 622 S.W.2d 442, 444
(Tex. Crim. App. 1981).  Under article
37.09(1), an offense constitutes a lesser offense of the offense charged if it
is established by proof of the same or less than all the facts that establish
the commission of the offense charged.  Tex. Code Crim. Proc. Ann. art.
37.09(1) (Vernon 1981).  Here, the State
does not contest that resisting arrest can be a lesser included offense of
assault on a public servant.

In determining whether any evidence
exists in the record that would permit a rational jury to find that the defendant
is guilty only of the lesser included offense, anything more than a scintilla
of evidence is sufficient to entitle a defendant to a lesser charge.  Forest v. State, 989 S.W.2d 365, 367
(Tex. Crim. App. 1999).  We review all
evidence introduced at trial to determine whether the trial court erred in
failing to instruct the jury on a lesser included offense.  Enriquez v. State, 21 S.W.3d 277, 278
(Tex. Crim. App. 2000); Banda v. State, 890 S.W.2d 42, 60 (Tex. Crim.
App. 1994).  Because the question is one
of whether the evidence merely raises the issue, credibility determinations and
conflicts in the evidence are not factors to consider in determining whether
the trial court erred in failing to instruct the jury on a lesser included
offense.  Banda, 890 S.W.2d
at 60.  If, however, a defendant presents
evidence that he committed no offense at all and no evidence otherwise raises
an issue that he is guilty of only the lesser included offense, then the trial
court does not err in refusing to submit the lesser included offense to the
jury.  Lofton v. State, 45
S.W.3d 649, 652 (Tex. Crim. App. 2001).

Analysis 

A person commits an assault on a
public servant by “intentionally, knowingly, or recklessly caus[ing] bodily
injury to . . . a person the actor knows is a public servant while the public
servant is lawfully discharging an official duty.”  Tex.
Pen. Code Ann. § 22.01(a)(1), (b)(1) (Vernon Supp. 2005).  A person resists arrest if he “intentionally
prevents or obstructs a person he knows is a peace officer or a person acting
in a peace officer’s presence and at his direction from effecting an arrest,
search, or transportation of the actor or another by using force against the
peace officer or another.”  Id. §
38.03(a) (Vernon 2003).  

In his brief, Aguilar contends the
evidence raises an issue of resisting arrest because, while suffering the
effects of the pepper spray, Aguilar could not have even recklessly struck
Harris because Aguilar could not see Harris and did not know where “Harris was
standing in relation to himself.” 
Aguilar thus contends that a lesser included offense instruction
regarding resisting arrest was appropriate because he produced some evidence
negating any intent to recklessly cause bodily injury.

 The State concedes that Aguilar denied
punching Harris, but refers us to Aguilar’s other testimony, in which he
acknowledged that he “could have” done so with an open hand in trying to “get
them off of me.”  The State contends that
Aguilar’s testimony fails to raise an issue as to resisting arrest because it
is an offense that requires intentional conduct that prevents the officer from
effecting an arrest, whereas assault on a public servant can be proved with
evidence that the defendant acted with mere recklessness, and since resisting
arrest requires an intentional act, Aguilar’s testimony does not raise the
issue of resisting arrest.

Here, however, the issue is not
whether Aguilar failed to raise an issue as to his state of mind because
resisting arrest requires at least as high a level of intent as assault on a
public servant.  Rather, as the Court of
Criminal Appeals explained in Lofton v. State, the issue is whether
Aguilar fairly raised the issue of resisting arrest when the evidence is that
his acts—if the jury believed them to have occurred, and further believed that
he intended them or committed them either knowingly or recklessly—caused bodily
injury.  45 S.W.3d at 651–52.  In Lofton, a jury convicted the
defendant of assault on a public servant. 
Id. at 649.  At trial, the
defendant testified, denying that he struck the officer and further denying
that he resisted arrest.  Id. at
651.  On appeal, the defendant maintained
that the trial court should have submitted resisting arrest as a lesser
included offense.  Id. at
650.  The Court of Criminal Appeals held
that the evidence in the record did not raise a lesser included offense of
resisting arrest because the evidence raised an issue as to whether the
defendant caused the officer to sustain bodily injury, not merely an issue as
to whether the defendant engaged in conduct that constituted resisting
arrest.  Id. at 652.  As the court observed,

[e]ven if appellant had intended only to prevent his
arrest, the force used by appellant against [the officer], at the very least,
recklessly caused [the officer] to suffer a bodily injury.  Regardless of appellant’s intent, the State
proved that appellant assaulted [the officer]. 
Resisting arrest was not a rational alternative to assault on a public
servant in the instant case.

 

Id.

Similarly, in this case, the
indictment alleged that Aguilar caused bodily injury to Harris “by striking S.
Harris with the defendant’s hand,” knowing that he was a public servant
discharging an official duty.  Aguilar
denies punching Harris and resisting arrest, but admits that he “could have”
hit him due to the effects of the pepper spray. 
This testimony, though it raises an issue as to Aguilar’s intent—whether
the alleged conduct was intentional, reckless, or completely unintentional—it does
not raise an issue as to whether the force Aguilar used caused Harris to suffer
bodily injury.  See id.  Applying Lofton, we hold that the
trial court did not err in refusing to submit the lesser included offense of
resisting arrest.  Id.; see
also Oiler v. State, 77 S.W.3d 849, 852 (Tex. App.—Corpus Christi
2002, pet. ref’d) (applying Lofton and holding that, even if defendant
by his actions intended to prevent his arrest, such intent does not negate
evidence that his method of doing so was to assault arresting officer).

Moreover, Aguilar is not entitled to
a lesser included offense based on conduct other than striking Harris because
the State did not allege any other conduct as a basis for the charges as
alleged in the indictment.  See Irving
v. State, 176 S.W.3d 842, 846 (Tex. Crim. App. 2005).  In Irving, the State charged the
defendant with aggravated assault.  Id.
at 845.  The defendant contended that
evidence that he grabbed the complainant and fell on top of her during the same
transaction in which the State accused him of hitting the complainant with a
baseball bat raised a lesser included offense of simple assault.  Id. at 845–46.  The Court of Criminal Appeals concluded that
the evidence as presented did not entitle the defendant to a jury charge on the
lesser included offense because the conduct establishing the lesser offense was
“not ‘included’ within the conduct charged; i.e. within the facts required to
prove the charged offense.”  Id.
at 846.  Here, the State relied solely
upon Aguilar’s conduct in striking Harris with his hand.  Thus, evidence of other conduct that arose
during the incident did not require that the trial judge charge the jury as to
the offense of resisting arrest.

Conclusion

We hold the trial court did not err
in denying a request to charge the jury on the lesser included offense of
resisting arrest.  We therefore affirm
the judgment of the trial court.

 

          

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Justices Taft,
Higley, and Bland.

Do not publish.  Tex.
R. App. P. 47.2(b).