

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. PD-0695-20, PD-0696-20, PD-0697-20

### DAVID EARL SPILLMAN, JR., Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### HUNT COUNTY

WALKER, J., delivered the opinion of the Court in which HERVEY, RICHARDSON, NEWELL, SLAUGHTER and MCCLURE, JJ., joined. KELLER, P.J., and YEARY and KEEL, JJ., concurred in the result.

## O P I N I O N

After a jury trial, Appellant David Earl Spillman, Jr. was convicted of two counts of assault of a public servant and one count of possession of methamphetamine. The court of appeals affirmed. We granted Appellant's petition for discretionary review to determine whether the evidence is sufficient to support his assault of a public servant convictions. Because the evidence could enable a rational jury to conclude beyond a reasonable doubt that Appellant committed assault of a public

servant, we affirm.[1]

## I. Background

At around 9:45 PM on August 12, 2016, Officer William Carper pulled Appellant over for a routine traffic stop in Hunt County, Texas. Carper smelled burnt marijuana coming from Appellant's vehicle and requested backup. Officer Kendall Reeves responded. Upon Carper's request, Appellant exited the car and allowed Carper to pat him down. Carper searched the car and found marijuana remnants and an unlabeled pill bottle.

After inspecting the vehicle, Carper searched Appellant again. When Carper asked Appellant to remove his shoes, Appellant removed his left shoe by sliding the heel off and putting his fingers in the shoe while balancing on one leg. Carper grabbed Appellant's arm to see what he was doing because he had never seen anyone remove their shoe in that manner. According to Carper, Appellant then "immediately began resisting"[2] by tensing his arm, putting his foot down, and moving his hand (set in a clenched fist) up and forward above Carper's head.

Carper then escalated his use of force as he was trained to do. He seized Appellant, and Reeves began to assist. According to Carper's testimony, Appellant had "ahold" of Carper and was "pulling and jerking."[3] Reeves pushed against the pair, and Appellant was "trying to go between"

---

[1]While it appears we granted review on all three of Appellant's convictions, his petition for discretionary review did not include any grounds for review of the possession charge (PD-0697-20). We see no error with the possession charge, it was not brought before us, and neither party discussed the charge in their briefs. Thus, we decline to address it.

[2]Rep. R. vol. 8, 44.

[3]Rep. R. vol. 8, 52.

the officers.[4] Carper maintained his grip on Appellant and planted his outside leg. Carper then felt pain, popping, and grinding in his leg and fell to one knee. Reeves performed a "hip throw" on Appellant, forcing both Appellant and Reeves to the ground. Reeves scraped his elbow, drawing blood. About ten seconds elapsed from the time Appellant took off his shoe to the time he and Reeves fell.

Appellant was arrested. The officers discovered that he had been holding a clear bag containing methamphetamine in his clenched fist. Appellant claimed he was trying to give Carper the bag when Carper grabbed him. He also claimed he did not grab Carper. Carper's leg began swelling shortly after the incident. A doctor later determined that Carper tore his anterior cruciate ligament (ACL) in the altercation.

Appellant was charged with two counts of assault of a public servant and one count of possession of methamphetamine. At trial, the State showed two videos. Most of the action that forms the basis for Appellant's convictions occurred off camera. Accordingly, the testimony of the involved officers was heavily relied on throughout the trial. Carper demonstrated the "fight" at trial. As the State points out, the record fails to "capture exactly what Carper was showing the jury[.]"[5]

The jury received an instruction on resisting arrest;[6] however, they found Appellant guilty of the two counts of assaulting a public servant and the possession count. Appellant pled true to enhancements and was sentenced to fifty years confinement for each assault charge and sixty years

---

[4]Rep. R. vol. 8, 53.

[5]State's Br. 9.

[6]Appellant argues that the trial court erroneously categorized resisting arrest as a lesser-included offense of assault of a public servant. Because we find the evidence sufficient to uphold the assault convictions, we do not reach this issue.

for the possession charge, to run concurrently. On appeal, Appellant argued the evidence was insufficient to support his assault convictions. *Spillman v. State*, No. 05-19-00530-CR, 2020 WL 4013142, at *1 (Tex. App.—Dallas July 16, 2020) (mem. op., not designated for publication). Specifically, he argued: (1) the prosecution failed to show he had the requisite mental state for assault of a public servant; and (2) it was the officers' own actions—not his—that caused their injuries. *Id.* at *2, 3. The appellate court disagreed and found that Appellant, by "struggling" with the officers, "disregarded a substantial risk" of bodily injury to Reeves and Carper—even if his only intent was to "conceal evidence and prevent his arrest[.]" *Id.* at *3.

Appellant filed a pro se petition for discretionary review in which he asserted that the evidence was insufficient to support his convictions for assault of a public servant. Appellant's petition essentially argued that he did not use any force against either officer (such as hitting or kicking), and the officers caused their own injuries. We granted review to determine whether the evidence was sufficient to uphold Appellant's assault convictions.

## II. Discussion

We review the sufficiency of the evidence supporting Appellant's convictions under the *Jackson v. Virginia* standard. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (referencing *Jackson v. Virginia*, 443 U.S. 307 (1979)). Under this standard, reviewing courts "'consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt.'" *Alfaro-Jimenez v. State*, 577 S.W.3d 240, 243–44 (Tex. Crim. App. 2019) (quoting *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)); *Jackson*, 443 U.S. at 319. "[T]he jury is the 'sole judge' of witnesses' credibility and the

4

weight to be given testimony." *Hammack v. State*, 622 S.W.3d 910, 914 (Tex. Crim. App. 2021) (quoting *Garcia v. State*, 367 S.W.3d 683, 687 (Tex. Crim. App. 2012)). As the reviewing court, we defer to the jury in undertaking their responsibility to "'fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007) (quoting *Hooper*, 214 S.W.3d at 13). The Court balances this deference to the jury with our duty to ensure the evidence "actually supports a conclusion that the defendant committed the crime that was charged." *Williams*, 235 S.W.3d at 750. We resolve evidentiary inconsistencies in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

To measure the sufficiency of the evidence, the reviewing court compares the evidence produced at trial to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* The law authorized by the indictment consists of the offense's statutory elements as modified by the indictment. *Clinton v. State*, 354 S.W.3d 795, 799 (Tex. Crim. App. 2011).

The indictments here alleged Appellant committed assault of a public servant by intentionally, knowingly, or recklessly causing bodily injury to Carper and Reeves while they were lawfully discharging their official duties. The jury charges correctly tracked this language. Appellant challenges the *mens rea* and causation elements of the offenses.

One commits assault if he "intentionally, knowingly, or recklessly causes bodily injury to

5

another[.]" TEX. PENAL CODE Ann. § 22.01(a)(1). If the individual assaults one "the actor knows is a public servant while the public servant is lawfully discharging an official duty," it is assault of a public servant—a third-degree felony. *Id*. § 22.01(b)(1). The State put forth no evidence or argument that Appellant acted intentionally or knowingly. The *mens rea* at issue is recklessness.

"A person acts recklessly, or is reckless, with respect to . . . the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that . . . the result will occur." *Id*. § 6.03(c). "The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint." *Id.*

Further, Appellant must be criminally responsible for the officers' bodily injuries for his convictions to stand. "A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient." *Id.* § 6.04(a). Appellant "must be a direct cause" of the officers' injuries, but he does not have to be the sole cause. *Williams*, 235 S.W.3d at 755.

*a. Appellant Acted Recklessly.*

Appellant argues the evidence is insufficient to show that he possessed the requisite recklessness *mens rea*. The State argues that recklessness depends on whether Appellant "could clearly see [what] [sic] might happen[.]"[7] The State's argument appears to conflate recklessness with foreseeability, and we caution that this is not the proper standard for recklessness. Nevertheless, a rational juror could have found the element of recklessness beyond a reasonable

---

[7]State's Br. 12.

doubt as judged by the sufficiency standard. *See Alfaro-Jimenez*, 577 S.W.3d at 244.

"Bodily-injury assault is a result-oriented offense." *Simms v. State*, 629 S.W.3d 218, 223 (Tex. Crim. App. 2021). For Appellant to have been reckless, he must have been aware of a risk that his actions could result in Carper and Reeves being injured and consciously disregarded the risk of injury. *See* TEX. PENAL CODE Ann. § 6.03(c). Disregarding this risk must be a gross deviation from the care an ordinary person would exercise in Appellant's circumstances. *Id.* At trial, there was evidence that Appellant did the following:

- Tensed when Carper grabbed his arm and "immediately began resisting";[8]
- Jerked his hand in a clenched fist forward and above Carper's head;
- Grabbed Carper;
- Pulled and jerked Carper;
- Attempted to bring his arm up and over Carper's shoulder; and
- Tried to "go between" Reeves and Carper.[9]

While Carper contradicted himself by first testifying that Appellant grabbed him and later saying Appellant did not grab him, Reeves testified that he saw Appellant grab Carper—corroborating Carper's initial testimony.

A rational jury could find that by grabbing and pulling Carper—with Reeves pushing the pair—Appellant was aware of and disregarded a substantial and unjustifiable risk that he could hurt the officers.[10] Recklessness does not require Appellant to consciously disregard the risk of specific injury to the officers. Rather, recklessness requires the result of a bodily injury in general to be

---

[8]Rep. R. vol. 8, 44.

[9]Rep. R. vol. 8, 53.

[10]The required result in this assault case is bodily injury. TEX. PENAL CODE Ann. § 22.01(a)(1). Bodily injury can include any physical pain. *Id.* § 1.07(a)(8).

7

consciously disregarded. *See Simms*, 629 S.W.3d at 223 (requiring appellant to have culpable mental state with respect to result of causing bodily injury in bodily-injury assault cases); *In re K.W.G.*, 953 S.W.2d 483, 487 (Tex. App.—Texarkana 1997, pet. denied) ("Knowledge and disregard of a risk to a specific person or a specific kind of risk is not required."); *Thomas v. State*, 303 S.W.3d 331, 333 (Tex. App.—El Paso 2009, no pet.) ("The manner and means of the bodily injury alleged is not an essential element" of assault.). Appellant and the officers were on the side of the road at night, and a rational jury could find that an ordinary person in the same circumstances would not continue to resist arrest and would not "pull and jerk" or try to go between officers while they are attempting to restrain him.[11]

The jury heard, on video, Appellant claim that he was trying to give Carper the bag in his hand. They also heard him say that he did not grab Carper. However, there is evidence to the contrary, and it is within the purview of the jury to resolve inconsistencies in the evidence. *See Williams*, 235 S.W.3d at 750; *Curry*, 30 S.W.3d at 406. Carper and Reeves testified to Appellant's actions, and the jury was free to believe them. The video evidence does not contradict their testimony. *Cf. Brooks*, 323 S.W.3d at 906–07 (finding of guilt would not be rational where video evidence clearly showing defendant's innocence contradicts witness testimony showing defendant's guilt). Under these circumstances, a rational jury could find Appellant's actions to be reckless.

### b. Appellant Caused the Bodily Injury.

Appellant also argues that the evidence is insufficient to show he caused Carper's and Reeves's injuries. As mentioned above, the relevant test for criminal responsibility, or causation, is contained in Texas Penal Code § 6.04(a): "A person is criminally responsible if the result would

---

[11]*See* Rep. R. vol. 8, 52.

not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient." There must be "a 'but for' causal connection . . . between the defendant's conduct and the resulting harm." *Robbins v. State*, 717 S.W.2d 348, 351 (Tex. Crim. App. 1986); TEX. PENAL CODE Ann. § 6.04(a). If there are concurrent causes, the but-for requirement can be satisfied if 1) the defendant's conduct alone was clearly sufficient to cause the harm; or 2) the defendant's conduct and the other cause together were sufficient to cause the harm. *Robbins*, 717 S.W.2d at 351. However, if the other cause alone was clearly sufficient to cause the resulting harm, and the defendant's conduct by itself was clearly insufficient to cause the resulting harm, the defendant is not criminally responsible. *Id.*; TEX. PENAL CODE Ann. § 6.04(a).

Appellant argues that Carper's and Reeves's actions were the cause of their injuries. He posits that his conduct could not have caused their injuries—meaning he cannot be considered criminally responsible. We disagree.

While Appellant's conduct alone may not have been sufficient to cause Reeves's and Carper's injuries, neither can the officers' actions alone be considered sufficient to cause the resulting harm. Carper's and Reeves's actions cannot be characterized as "alone" because they were acting in response to Appellant's conduct. We cannot isolate the officers' actions and view them as a wholly independent cause of their injuries—they would not have responded in the manner they did had it not been for Appellant's conduct[12] in reacting to Carper's search.

Because Appellant's conduct and the officers' conduct together caused the harm, the but-for

---

[12] Namely, tensing up, jerking his hand in a clenched fist forward and above Carper's head, grabbing Carper, pulling and jerking Carper, attempting to bring his arm up and over Carper's shoulder, and trying to go between Reeves and Carper.

causation requirement is satisfied. *See Robbins*, 717 S.W.2d at 351 ("If concurrent causes are present . . . the defendant's conduct and the other cause together may be sufficient to have caused the harm."). Appellant's actions, when considered in conjunction with Carper's and Reeves's actions, were sufficient to have caused the officers' injuries.

*c. Appellant Committed a Voluntary Act.*

Nonetheless, a determination that Appellant's actions were a but-for cause of the officers' injuries does not settle the matter. Criminal offenses require voluntary acts. TEX. PENAL CODE Ann. § 6.01(a). "A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession." *Id.*

Concern has been expressed that "any minor scuffle during an arrest will result in a defendant being charged solely with assault on a public servant." *Oiler v. State*, 77 S.W.3d 849, 853 (Tex. App—Corpus Christi–Edinburg 2002, pet. ref'd); *see also Morales v. State*, 293 S.W.3d 901, 908 (Tex. App.—Texarkana 2009, pet. ref'd) (citing *Oiler*, 77 S.W.3d at 852–53 and noting that "there appears the real possibility that, in some cases, it would be impossible to distinguish between resisting arrest and assaulting an officer who is attempting an arrest."). However, this is not the case.

Mere resistance to an officer's contact, detention, search, or arrest cannot be considered assault of a public servant without more. Injuries to officers that occur while they are performing their law enforcement duties can be the result of non-voluntary and accidental forces. This can be true even if the resulting injuries would not have occurred but for a suspect's actions. For assault on a public servant to occur, the defendant must have been a but-for cause of an officer's injuries, and his actions that are considered the but-for cause of the injury must have been performed

10

voluntarily. Physical movements that are the nonvolitional result of someone else's act or that are set in motion by an independent non-human force, physical reflex, convulsion, unconscious act, act under hypnosis, and other "nonvolitional impetus" are not voluntary acts. *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014); *Rogers v. State*, 105 S.W.3d 630, 638 (Tex. Crim. App. 2003).

In this case, the jury heard evidence that after Carper grabbed Appellant's arm, Appellant tensed up, jerked his hand in a clenched fist forward and above Carper's head, grabbed Carper, pulled and jerked, and tried to go between the officers. Although the jury could have interpreted these movements as reflexive responses to Carper and Reeves's use of force, the jury also could have viewed the evidence—including the testimony from Reeves and Carper and Carper's demonstration of the altercation—and rationally decided that Appellant's motions were voluntary.

### III. Conclusion

We find the evidence sufficient to uphold Appellant's convictions for assault of a public servant. The jury was able to judge the credibility of both officers involved in the altercation. Moreover, the jury witnessed a demonstration of Appellant's actions which the record cannot capture. A rational jury could have found that Appellant voluntarily and consciously disregarded the risk of bodily injury to Carper and Reeves when he participated in the altercation. Further, Appellant was criminally responsible for the injuries Carper and Reeves sustained. We affirm the judgment of the court of appeals.


Delivered: March 30, 2022
Do Not Publish

11